<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SALVADOR PEREZ TOSHUA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-06027 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Salvador Perez Toshua's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed a letter answer (ECF No. 5), and Petitioner replied (ECF No. 6). Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Petitioner's Petition is **DENIED**.

## I.    BACKGROUND

Petitioner, a citizen of Mexico, initially unlawfully entered the United States on June 27, 2012. (ECF No. 5 at 1.) On that date, Petitioner was arrested by immigration officials. (ECF No. 5-1 at 2.) On June 28, 2012, Petitioner was issued a Notice and Order of Expedited Removal. (ECF No. 5-2.) On June 30, 2012, Petitioner was removed from the United States. (ECF No. 5-3.)

Petitioner submits he re-entered the United States approximately thirteen years ago.[1] (*See* ECF No. 1 at 15.) On May 25, 2026, Immigration and Customs Enforcement ("ICE") officials arrested Petitioner pursuant to an I-205 Warrant of Removal. (ECF No. 5 at 2.) On the same date, Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order and has been detained under that final order of removal. (ECF No. 5-6.)

On March 27, 2026, Petitioner filed the Petition arguing, among other things, the government may not detain him under 8 U.S.C. § 1225(b), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) Respondents filed an expedited response arguing Petitioner is lawfully detained based on his reinstated final order of removal under 8 U.S.C. § 1231(a). (ECF No. 5.) Petitioner replied arguing due process requires his release from custody. (ECF No. 6.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody

---

[1] Petitioner submits he "entered the U.S. approximately 13 years ago, without inspection, [and] has resided continuously since then in the United States." (ECF No. 1 at 15–16.) Petitioner also alleges he "has not been previously in contact with immigration authorities." (*Id.* at 16.) Because Respondents have provided the Court with documentation showing Petitioner was previously removed from the United States in 2012, the Court finds Petitioner re-entered the United States approximately thirteen years ago.

in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.   DECISION

In the Petition, Petitioner argues he is unlawfully detained under 8 U.S.C. § 1225. (*See* ECF No. 1 at 15–53.) The Court disagrees.

The record establishes Petitioner is subject to a reinstated final order of removal. Petitioner does not dispute, as he does not acknowledge, the following: (1) on June 28, 2012, Petitioner was issued a Notice and Order of Expedited Removal; (2) on June 30, 2012, he was removed from the United States; and (3) he unlawfully re-entered the United States.

Based on the above, ICE reinstated Petitioner's final order of removal on May 25, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen re-enters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Any argument that Petitioner's detention is unlawful because his removal order was not reinstated until fourteen years after his initial expedited removal order is unavailing. Respondents have provided the Court with documentation showing Petitioner's initial order of removal was effectuated when Petitioner was removed from the United States in June 2012. Following his removal, Petitioner re-entered the United States. Petitioner does not argue he lawfully re-entered the United States or Respondents were aware of his re-entry and chose not to reinstate his removal

order. Reinstatement is an administrative process that confirms the existence of a prior removal order and unlawful re-entry. *See Ponta-Garcia v. Att'y Gen. of U.S.*, 557 F.3d 158 (3d Cir. 2009) (holding reinstatement requires only a determination of prior removal, identity, and unlawful re-entry, and does not require a hearing before an immigration judge). Once those conditions are satisfied, § 1231 governs.

Section 1231 states in relevant part, "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (citation omitted)). Petitioner was taken into custody on May 25, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 15, 2026

4